IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| JONATHAN FELPS, Individually and On Behalf of All Others Similarly Situated, § § § § | | |
| | § | Civil Action No. |
| Plaintiffs, | § § | 2:18-CV-811 |
| v. | § § | |
| MEWBOURNE OIL COMPANY, INC. | § § | |
| Defendant. | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jonathan Felps ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this wage theft suit against the above-named Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended and the New Mexico Minimum Wage Act ("NM Wage Act"), N.M. STAT. § 50-4-19, *et seq*.

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

*& Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Likewise, the NM Wage Act requires that employees who work more than forty hours in a week be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

3. Defendant Mewbourne Oil Company, Inc. ("Defendant") has violated the FLSA and the NM Wage Act by misclassifying its Lease Operators as exempt from the overtime requirements of the FLSA and the NMSA. Defendants' Lease Operators, including Plaintiff, work more than forty hours per week but are paid no overtime. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and as an opt-out class action under Federal Rule of Civil Procedure 23.

## II. PARTIES

4. Named Plaintiff Jonathan Felps is an individual who resides in Lea County, New Mexico and was been employed by Defendant within the meaning of the FLSA. Named Plaintiff Felps was employed by Defendant from approximately 2014 until October 2016 to the present. He has consented to be a party-plaintiff in this action. His signed consent form is attached hereto as "Exhibit A."

5. Defendant Mewbourne Oil Company, Inc. is a Delaware corporation that is doing business in New Mexico. Defendant may be served with process in this action by service upon its registered agent for service, CSC of Lea County, Inc., 1819 N Turner St. Ste G, Hobbs, New Mexico 88240.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's NM Wage Act claims form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Plaintiff's NM Wage Act claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Lea County, New Mexico, which is in this District and Division. Named Plaintiff was an employee of Defendant, and performed work for Defendant, in and around Lea County, New Mexico. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. COVERAGE UNDER THE NM WAGE ACT

13. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 50-4-21(B) of the NM Wage Act.

14. At all times hereinafter mentioned, Named Plaintiff and the NM Class Members (defined below) were individual "employees" within the meaning of Section 50-4-21(C) of the NM Wage Act, and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NM Wage Act.

## VI. FACTUAL ALLEGATIONS

15. Defendant is an oil and gas production company, managing all phases of oilfield operations from "prospect to pipeline."[1] Defendant does business in Texas, New Mexico, and Oklahoma, including in the Permian Basin and Anadarko Basin.

16. Named Plaintiff was a Lease Operator for Defendant from 2014 until approximately October 2016.

17. Plaintiff was employed by Defendant as a Lease Operator based of Defendant's Hobbs, New Mexico location. From that location, Named Plaintiff worked at worksites in and around the

---

[1] http://mewbourne.net/about.htm. Last visited August 22, 2018.

**Plaintiff's Original Complaint**                                                                 **Page 4**

Permian Basin in New Mexico. The Class Member Lease Operators are and have been employed in all of the Defendant's locations.

18. Defendant employs Lease Operators in each of its locations, including in New Mexico, Texas, and Oklahoma. Defendant has only one location in Hobbs, New Mexico.

19. In the performance of their work, Plaintiffs handle tools, equipment, and other materials that were manufactured outside of any state in which they have performed.

### A. The Class Members were misclassified as exempt employees.

20. Defendant classified Plaintiffs and the Class Members as "exempt" from the overtime protections of the FLSA and NM Wage Act.

21. Plaintiff was paid a salary. Plaintiff was not paid any additional compensation for hours worked in excess of forty in a week.

22. The Class Member Lease Operators are also paid a salary and are not paid any additional compensation for hours worked in excess of forty in a week.

23. For all times relevant to this action, as operators, the Plaintiffs' primary job duty for the Defendant has been the performance of manual, non-management work. The Plaintiffs' primary job duty is not the performance of office, or non-manual work directly related to Defendant's management or general business operations, or those of its customers.

24. Rather, Plaintiffs spend most of their time performing manual tasks outside at jobsites in the oilfield such (1) operating oilfield machinery; (2) inspecting and maintaining oilfield machinery; (3) monitoring oilfield machinery; and (4) collecting and relaying data—including the amounts of oil, gas, and water in storage tanks—to supervisors for analysis. The job duties of the Lease Operators at each of the Defendant's locations was and is essentially the same. As a result, each Lease Operator performed the same or similar job duties throughout the Defendant's operations.

The job functions of Plaintiffs required little to no official training, and it did not require a college education or other advanced degree.

25. The daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the data to compile and schedule of work and related work duties. The Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

26. Plaintiffs did not direct the work of two or more employees at any time during their employment. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

27. Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

28. Named Plaintiff and Class Members worked very long hours. The Lease Operators are typically assigned to work ten (10) hours per day of their hitches that were either seven (7) days on and two (2) days off, or eight (8) days on and four (4) days off. Thus, during all times relevant to this action, in weeks in which they work, Plaintiffs typically worked at least sixty hours per week and often more.

29. Although they worked very long hours, Plaintiffs were misclassified, or otherwise treated, as exempt under the Fair Labor Standards Act and NM Wage Act. Defendant required the Plaintiffs to work the long hours described above, and thus knew that Named Plaintiff and Class Members regularly worked in excess of 40 hours per week. Nonetheless, Defendant failed and refused to

compensate the Named Plaintiff and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

30. Defendant has employed and is employing other individuals as Lease Operators who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, have been misclassified as "exempt" employees, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

31. In approximately late 2015 or early 2016, the United States Department of Labor began investigating Defendant regarding its classification of Lease Operators as exempt under the FLSA. As a result of the investigation, sometime after October 2016, Defendant reclassified Lease Operators as hourly non-exempt employees entitled to overtime.

32. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

33. Named Plaintiff seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former Lease Operators of Defendant who were paid a salary with no overtime in at least one workweek in the last three years.**

34. Named Plaintiff and the FLSA Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt employees on Defendant's worksites, including worksites in Texas, Oklahoma, and New Mexico. Further, Named Plaintiff and the FLSA Class Members were subjected to the same pay provisions in that they were all paid salary but were not compensated at the rate of at least one and one-half their regular rates of pay

for all hours worked in excess of 40 in a workweek, as specifically discussed above.

35. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of misclassifying its Lease Operators as exempt from the overtime protections of the FLSA. This policy or practice is applicable to the Named Plaintiff and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all FLSA Class Members.

## VIII. NM WAGE ACT RULE 23 CLASS ALLEGATIONS

36. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff, individually and on behalf of all other similarly situated employees, pursues NM Wage Act claims against Defendant.

37. Named Plaintiff seeks certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "NM Class Members") as follows:

> **All current and former Lease Operators of Defendant who were paid a salary with no overtime and who worked for Defendant in New Mexico in at least one workweek in the last three years.**

38. Named Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a class basis challenging Defendant's practice misclassifying the NM Class Members as exempt from the overtime protections of the NM Wage Act and therefore failing to pay Named Plaintiff and other similarly situated employees one and one-half times their regular hourly rate of pay for all hours worked over forty in a week.

39. Named Plaintiff and the NM Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt employees on Defendant's worksites in New Mexico. Further, Named Plaintiff and the NM Class Members were subjected

to the same pay provisions in that they were all classified as exempt employees, were paid a salary, and were not paid any additional compensation for hours worked in excess of 40 in a workweek, as specifically discussed above.

40. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the NM Wage Act results from a policy or practice of misclassifying its Lease Operators as exempt from the overtime protections of the NM Wage Act. This policy or practice is applicable to the Named Plaintiff and all NM Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all NM Class Members.

41. Therefore, throughout the relevant period, Defendant knew that Named Plaintiff and NM Class Members were not being properly compensated for all of their hours worked.

42. Defendant maintained common work, time, and pay policies and procedures its Lease Operators based out of New Mexico. As a result, Named Plaintiff and NM Class Members are similarly situated and have been regularly deprived of pay for workweeks during which they worked more than forty hours.

43. Plaintiffs' NM Wage Act claims against Defendant satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

44. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are at least 100 NM Class Members. Consequently, joinder of all NM Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendant.

45. **Commonality.** There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a) Whether Defendant violated the NM Wage Act by classifying the NM Class Members as exempt from the NM Wage Act;

    b) Whether Defendant violated the NM Wage Act by failing to pay the NM Class Members overtime compensation for their work hours;

    c) Whether Defendant's violation of the NM Wage Act constituted a continuing course of conduct; and

    d) The proper measure of damages sustained by the NM Class Members.

46. **Typicality**. Named Plaintiff's claims are typical of those of the class because Named Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective NM Class Members. Like the NM Class Members, Named Plaintiff worked as a non-exempt employees on Defendant's New Mexico jobsites. Like the NM Class Members, Named Plaintiff regularly worked in excess of forty hours per week. Like the NM Class Members, Named Plaintiff was misclassified as exempt and were not compensated at proper overtime rates for all overtime hours worked. The other facts outlined above likewise apply equally to both Named Plaintiff and the NM Class Members.

47. **Adequacy**. Named Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the NM Class Members he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Named Plaintiff and the undersigned counsel, who have experience in employment and class action lawsuits.

48. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation of many of these claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendant. A single class action can determine the rights of all NM Class Members in conformity with the interest of efficiency and judicial economy.

### VII. CAUSE OF ACTION ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

49. During the relevant period, Defendant violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees, including Named Plaintiff and the FLSA Class Members, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendant has acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

### VIII. CAUSE OF ACTION TWO: FAILURE TO PAY WAGES IN ACCORDANCE WITH NEW MEXICO MINIMUM WAGE ACT

50. During the relevant period, Defendant violated the New Mexico Minimum Wage Act, N.M. STAT. § 50-4-22 (West 2018), by employing employees, including Named Plaintiff and the NM Class Members, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular

hourly rate. Defendant's violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct.

## IX. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for judgment against Defendant as follows:

a. For an expedited Order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and individually, and on behalf of any and all such class members.

b. For an Order certifying the NM Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Named Plaintiff as Class Representative under applicable NM law, and for designation of Plaintiff's counsel as class counsel;

c. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

d. For an Order awarding Named Plaintiff and the NM Class Members damages pursuant to N.M. Stat. 50-4-26;

e. For an Order awarding Named Plaintiff and the NM Class Members damages for all violations, regardless of the date on which they occurred, as a result of Defendants' continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

f. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

g.    For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

h.    For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

i.    For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

j.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*
Daniel A. Verrett
Texas State Bar No. 24075220
daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
Application for Admission to D.N.M. *pending*
edmond@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 – telecopier

**ATTORNEYS FOR PLAINTIFFS**