UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JONATHAN FELPS, Individually and
On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.                                                                                          No. CIV 18-811 MV/GJF

MEWBOURNE OIL COMPANY, INC.

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Strike the Declaration of Jeffery Fraley [Doc. 72]. The Court, having considered the motion and relevant law, finds that the motion is well-taken and will be granted.

## BACKGROUND

Defendant Mewbourne Oil Company is an oil and gas production company doing business in New Mexico, Oklahoma, and Texas. Doc. 36 ¶ 16. From 2014 to October 2016, Plaintiff Jonathan Felps worked as a Lease Operator, or Pumper, for Defendant at its Hobbs, New Mexico location. *Id.* ¶¶ 17-18. Because Defendant misclassified its Lease Operators as exempt from the overtime protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, *id.* ¶ 57, all Lease Operators employed by Defendants, including Plaintiff, were paid only a base salary and received no additional compensation for hours worked in excess of 40 hours a week. *Id.* ¶ 23. As a result, Plaintiff commenced this action "individually and on behalf of all others similarly situated" against Defendant, asserting violations of both the FLSA and the New Mexico Minimum Wage Act. Doc. 36.

1

In the course of these proceedings, Plaintiff filed a motion asking the Court, *inter alia*, to prohibit class communications by Defendants. Doc. 64. In support of that motion, Plaintiff submitted the Declaration of Jeffery Fraley, a former employee of Defendant. Doc. 64-2. On the instant motion, Defendants ask the Court to strike that Declaration. Doc. 72. Plaintiff opposes that request. Doc. 73.

## DISCUSSION

In his Declaration, Fraley states that he "spoke by phone with a current Lease Operator for Mewbourne," who asked to "remain anonymous" and thus is identified as "John Doe." Doc. 64-2 ¶¶ 2-3. The remainder of the paragraphs in the Declaration, namely paragraphs 4 through 11, contain "the information relayed to [Fraley] by John Doe," which detail events surrounding communications and offers of settlement by Defendant to current employees. *Id.* ¶ 3. Defendants argue that these remaining paragraphs contain inadmissible evidence and thus should be stricken from the record. Doc. 72. The Court agrees that Fraley's statements setting forth the information relayed to him by John Doe should be stricken because they constitute inadmissible hearsay.

"Basic hearsay jurisprudence makes clear that" Fraley's statements "pertaining to [his] conversation" with John Doe are inadmissible hearsay, as those statements are offered "in order 'to prove the truth of the matter asserted in the statements.'" *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1202 (10th Cir. 2015) (quoting Fed. R. Evid. 801(c)(2)). Namely, Plaintiff offers Fraley's Declaration to prove that, as John Doe recounted to Fraley, Defendants' communications with and offers of settlement to current employees were coercive.

Plaintiff contends that none of John Doe's statements are hearsay, because as a current employee of Mewbourne, his statements constitute non-hearsay admissions of a party-opponent.

Doc. 73 at 2. Rule 801(d)(2) of the Federal Rules of Evidence provides that a statement offered against a party-opponent is not hearsay if it was made by an employee of the party-opponent on a matter within the scope of the employment relationship, while that relationship existed. Fed. R. Evid. 801(d)(2). It "would be error" to consider John Doe's statements as admissions of a party-opponent, however, as "[u]nder [the Tenth Circuit's] controlling precedent, an employee's statements are not attributable to [his or] her employer as a party-opponent admission in an employment dispute unless the employee was 'involved in the decisionmaking process affecting the employment action' at issue." *Ellis*, 779 F.3d at 1202 (quoting *Johnson v. Weld Cty.*, 594 F.3d 1202, 1208-09 (10th Cir. 2010)).

Here, Plaintiff does not argue, nor would it be convincing if he did, that John Doe was "involved in the decisionmaking process affecting Mewbourne's efforts to settle with its employees. Instead, John Doe was allegedly one of the employees on the receiving end of that decisionmaking process. Accordingly, John Doe's statements are not admissible as statements of a party-opponent.

Plaintiff further argues that, with regard to paragraph 7 of the Fraley Declaration only, the statements contained therein are offered not for the truth of the matter asserted, but rather "as circumstantial evidence of John Doe's state of mind," and thus are admissible. Doc. 73 at 2. That paragraph states:

> John Doe felt intimidated and coerced into signing the Settlement Agreement and Release on page four of the letter. Because he was called out in front of every other New Mexico employee for an issue related to the lawsuit and everyone saw him and the fifty other employees walk toward the front desk to pick, he felt that if he did not sign the Settlement Agreement and Release, he would either be terminated or blackballed at Mewbourne.

Doc. 64-2 ¶ 7.   According to Plaintiff, the statements in this paragraph are introduced solely for the purpose of demonstrating that John Doe "felt coerced" into signing the settlement agreement offered to him by Defendants.   Doc. 73 at 2.

Rule 803(3) of the Federal Rules of Evidence provides an exception to the hearsay rule permitting admission of "[a] statement of the declarant's then-existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement or memory or belief to prove the fact remembered or believed."   Fed. R. Evid. 803(3).   "The essence of the state of mind exception is that there are circumstantial guarantees of trustworthiness attendant to a statement that reflects a then existing mental, emotional or physical condition."   *United States v. Rodriguez-Pando*, 841 F.2d 1014, 1019 (10th Cir. 1988) (citation omitted).   "[S]tatements relating to a person's state of mind have probative value mainly because the declarant has no chance to reflect upon and perhaps misrepresent his situation."   *Id.* (citation omitted).

Rule 803(3) "expressly excludes from the exception 'a statement of memory or belief to prove the fact remembered or believed.'"   *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1143 (10th Cir. 2006) (quoting Fed. R. Evid. 803(3)).   "Based on this limitation to the exception, [the Tenth Circuit has] held that [Rule] 803(3) 'does not permit the witness to relate any of the declarant's statements as to why [the declarant] held the particular state of mind, or what [the declarant] might have believed that would have induced the state of mind."   *Id.*   "In other words, statements as to why the declarant had the feelings or state of mind are inadmissible."   *United States v. Sablan*, No. 00-cr-531, 2008 WL 700172, at *18–19 (D. Colo. Mar. 13, 2008).   Thus, "a witness may testify to a declarant saying, 'I am scared,' but not 'I am scared because the defendant threatened me.'   The first statement indicates an actual state of

4

mind or condition, while the second statement expresses belief about why the declarant is frightened." *United States v. Ledford*, 443 F.3d 702, 709 (10th Cir. 2005).

Under the language of Rule 803(3) and the Tenth Circuit law interpreting it, the state of mind exception does not apply here. First, Paragraph 7 of the Fraley Declaration contains not only John Doe's statement that he felt intimidated and coerced, but also John Doe's statement expressing his belief as to *why* he felt intimated and coerced, namely, because having been "called out in front of every other New Mexico employee for an issue related to the lawsuit . . he felt that if he did not sign the Settlement Agreement and Release, he would either be terminated or blackballed at Mewbourne." Rule 803(3) forecloses Fraley from relating such "statements as to why [John Doe] held the particular state of mind, or what [he] might have believed that would have induced the state of mind." *McInnis,* 458 F.3d at 1143.

Further, John Doe's statement to Fraley regarding feeling intimidated and coerced was made during a telephone conversation on May 17, 2019, and conveyed not his contemporaneous state of mind, but rather his state of mind during a meeting that had occurred 11 days earlier, on May 6, 2019. Doc. 64-2 ¶¶ 3, 7. For this additional reason, John Doe's statements were "statements of memory or belief" expressly excluded by Rule 803(3). *See Rodriguez-Pando*, 841 F.2d at 1019 (holding that Rule 803(3) did not apply to post-arrest statement, as was a "statement of memory or belief" expressly excluded by Rule 803(3) itself, and thus was "not admissible to show [defendant's] state of mind at the time of arrest"). The "circumstantial guarantees of trustworthiness" that make statements reflecting a *then existing* state of mind are simply absent here, where John Doe's statement reflects instead a mental or emotional condition experienced in the past, after which he had a "chance to reflect upon and perhaps misrepresent

his situation." *Id.* Accordingly, John Doe's statements in paragraph 7 of the Fraley Declaration do not fall within the ambit of Rule 803(3).

## CONCLUSION

The statements of John Doe, as recounted in paragraphs 4 through 11 of the Fraley Declaration, constitute hearsay, and do not fit into any exception to the hearsay rules.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike the Declaration of Jeffery Fraley [Doc. 72] is **GRANTED**, as follows:   Paragraphs 4 through 11 of the Fraley Declaration are stricken from the record.

DATED this 19th day of May, 2020.

_____
MARTHA VÁZQUEZ
United States District Judge