UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JONATHAN FELPS, Individually and
On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.                                                                                                No. CIV 18-811 MV/GJF

MEWBOURNE OIL COMPANY, INC.

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Strike Portions of Declarations of Robin Terrell [Doc. 81]. The Court, having considered the motion and relevant law, finds that the motion is not well-taken and will be denied.

## BACKGROUND

Defendant Mewbourne Oil Company is an oil and gas production company doing business in New Mexico, Oklahoma, and Texas. Doc. 36 ¶ 16. From 2014 to October 2016, Plaintiff Jonathan Felps worked as a Lease Operator, or Pumper, for Defendant at its Hobbs, New Mexico location. *Id.* ¶¶ 17-18. Because Defendant misclassified its Lease Operators as exempt from the overtime protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, *id.* ¶ 57, all Lease Operators employed by Defendants, including Plaintiff, were paid only a base salary and received no additional compensation for hours worked in excess of 40 hours a week. *Id.* ¶ 23. As a result, Plaintiff commenced this action "individually and on behalf of all others similarly situated" against Defendant, asserting violations of both the FLSA and the New Mexico Minimum Wage Act. Doc. 36.

1

In the course of these proceedings, Plaintiff filed motions asking the Court, *inter alia*, to certify a class for liability under Rule 23(B)(3) and to prohibit class communications by Defendants. Docs. 62, 64. In opposing those motions, Defendant submitted Declarations of Robin Terrell, District Superintendent of Mewbourne's Hobbs, New Mexico office. Docs. 68-2, 71-2. On the instant motion, Plaintiff ask the Court to strike certain paragraphs of the Terrell Declarations. Doc. 81. Defendant opposes that request. Doc. 90.

## DISCUSSION

On the instant motion, Plaintiff first asks the Court to strike the following paragraphs from the June 6, 2019 Terrell Declaration:

> 7. Between June 19, 2009 and June 21, 2017, Mewbourne employed approximately 199 pumpers across all districts. Of these 199 pumpers, 110 worked in New Mexico.
>
> 8. Between August 22, 2015 and June 21, 2017, Mewbourne employed approximately 119 pumpers across all districts. Of these 119 pumpers, approximately 60 worked in New Mexico.

Doc. 68-2 ¶¶ 7-8. In support of this request, Plaintiff argues that Defendants have not established Terrell's personal knowledge of the statements in the above-cited paragraphs, and that these paragraphs thus run afoul of Rule 602 of the Federal Rules of Evidence. Doc. 81 at 3.

Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. According to Plaintiff, Terrell "gives no indication how he came to know the 'approximate' number of Lease Operators employed by Mewbourne, and "the numbers he provides are highly suspect in light of documents that Mewbourne itself has in this case." *Id.*

As an initial matter, the issue of whether Terrell's approximation is "highly suspect" is irrelevant to whether that approximation is based on personal knowledge. An approximation

2

clearly can be based on personal knowledge, and Plaintiff provides no basis for the Court to conclude otherwise. The credibility of Terrell's approximation simply has no bearing on whether his testimony meets the personal knowledge requirement of Rule 602.

Further, though Terrell's Declaration does not explicitly connect the dots, the statements in his Declaration are sufficient to create a reasonable inference that he has personal knowledge of the information conveyed therein. "Sometimes personal knowledge may be inferred from the content or context of the affidavit." 11 Moore's Federal Practice, § 56.94[2][b]. "If personal knowledge is to be inferred, the basis for the inference must be contained in the affidavit or declaration." *Id.* Here, Terrell's Declaration states that he has been the District Superintendent of Mewbourne's Hobbs, New Mexico office since April 2014. Doc. 68-2 ¶ 2; Doc. 71-2 ¶ 2. Admittedly, it would have been preferable for Terrell's Declaration to set forth a more specific or detailed basis for the information provided therein. Nonetheless, a "reasonable inference can be drawn" that Terrell has personal knowledge of information regarding Mewbourne's Lease Operators/Pumpers by virtue of his position as District Superintendent over the past six years. *See Tulsa Zoo Mgm't, Inc. v. Peckham Guyton Albers & Viets, Inc.,* No. 17-cv-644, 2019 WL 1029544, at *8 (N.D. Okla. Mar. 4, 2019) ("Personal knowledge may be inferred from [Correll's] position[.]"); *Macias v. S.W. Cheese Co., L.L.C.*, No.12-cv-350, 2014 WL 11430977, at *6 (D.N.M. June 11, 2014) ("A reasonable inference can be drawn that Martinez's . . . position as a team leader provided her with the requisite personal knowledge regarding the attendance history of SWC employees"); *Pipkin v. Mortg. Creditcorp, Inc*., 72 F.3d 138, 1995 WL 747437, at *4 n.5 (10th Cir. 1995) (holding that employees' positions were sufficient to meet personal knowledge requirement) (citing *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir.1990) (holding that corporate officers' personal knowledge and

competence to testify were reasonably inferred from their positions and the nature of their participation in the contested matters).   Accordingly, Terrell's position at Mewbourne provides sufficient indication of "how he came to know the 'approximate' number of Lease Operators employed by Mewbourne" to satisfy Rule 602.

Next, Plaintiff asks the Court to strike the following paragraph from Terrell's June 6, 2019 Declaration:

> 12.   In May 2019, Mewbourne offered lease operators who worked in New Mexico between August 22, 2015 and June 21, 2017 and who were still employed at Mewbourne as of May 2019 a payment in exchange for a release of potential state-law wage-and-hour claims against Mewbourne and its employees, among other entities.   Mewbourne made this offer to 56 lease operators.   As of the date of this declaration, 55 of the 56 have accepted Mewbourne's offer and voluntarily released their potential claims.

Doc. 68-2.   Plaintiff also asks the Court to strike the following paragraph from the June 7, 2019 Terrell Declaration (Doc. 68-2):

> 11.   As of the date of this declaration, 55 of the 56 lease operators have accepted Mewbourne's offer and have voluntarily released their potential claims.

Doc. 71-2.   Plaintiff argues that these statements are not only hearsay but also fail to meet the "best evidence" requirements of Rule 1002 of the Federal Rules of Evidence.

First, the contested paragraphs about settlement offers and their acceptance do not contain hearsay.   Terrell is not recounting statements made to him by an out-of-court declarant. Rather, Terrell is the declarant here, testifying about something as to which he has personal knowledge.   Plaintiff's hearsay argument thus is inapposite.

Nor does the "best evidence" rule apply.   Rule 1002 provides that, in order to "prove the content of a writing, . . . the original writing [generally] is required."   Fed. R. Evid. 1002. Notably, "Rule 1002 requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing."   *Allstate Ins. Co. v. Swann*, 27 F.3d 1539,

4

1542–43 (11th Cir. 1994).  Further, Rule 1002 "does not require production of a document simply because the document contains facts that are also testified to by a witness." *Id.*

Here, Terrell testifies as to the number of offers made to and accepted by Lease Operators.  There is no similar testimony as to the content of the settlement agreements.  As Plaintiff himself asserts, Defendants offer this testimony to prove that "some Class Members have released their claims against Defendants," Doc. 82 at 4, rather than to prove the content of the settlement agreements.  Further, there is no indication that the content of the settlement agreements is in dispute.  Plaintiff would be hard-pressed to raise such a dispute, given that he attaches a copy of the settlement agreement to his motion to prohibit class communications by Defendants.  *See* Doc. 64-2.  Because Defendant has not offered Terrell's testimony to prove the content of the settlement agreements, Rule 1002 does not require the production of those settlement agreements.

## CONCLUSION

As set forth above, Plaintiff has provided no valid basis for the Court to strike any of the paragraphs of the Terrell Declarations.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Portions of Declarations of Robin Terrell [Doc. 81] is **DENIED**.

DATED this 19th day of May, 2020.

_____
MARTHA VÁZQUEZ
United States District Judge