UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JONATHAN FELPS, Individually and
On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.                                             No. 18-811 MV/GJF

MEWBOURNE OIL COMPANY, INC.

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Amended Motion to Strike Portions of Declarations Submitted by Plaintiff in Motion for Class Certification for Liability Only Under Rule 23(b)(3) [Doc. 77]. The Court, having considered the motion and relevant law, finds that the motion is well-taken in part and will be granted in part.

## BACKGROUND

Defendant Mewbourne Oil Company is an oil and gas production company doing business in New Mexico, Oklahoma, and Texas. Doc. 36 ¶ 16. From 2014 to October 2016, Plaintiff Jonathan Felps worked as a Lease Operator, or Pumper, for Defendant at its Hobbs, New Mexico location. *Id.* ¶¶ 17-18. Because Defendant misclassified its Lease Operators as exempt from the overtime protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, *id.* ¶ 57, all Lease Operators employed by Defendants, including Plaintiff, were paid only a base salary and received no additional compensation for hours worked in excess of 40 hours a week. *Id.* ¶ 23. As a result, Plaintiff commenced this action "individually and on behalf of all others similarly situated" against Defendant, asserting violations of both the FLSA and the New Mexico Minimum Wage Act. Doc. 36.

1

In the course of these proceedings, Plaintiff filed a motion asking the Court to certify a class for liability under Rule 23(B)(3). Doc. 62. In support of that motion, Defendant submitted Declarations (collectively, the "Declarations") of, *inter alia*, Tyson Fletcher, Ross Menefee, Doug Thompson, Danny Stark, Michael Morris, Justin Levario, Jeffery Fraley, and Brandon Brown (collectively, the "Declarants"). Doc. 62-1 to 62-8. On the instant motion, Defendant asks the Court to strike certain testimony from the Declarations. Doc. 77. Plaintiff opposes that request. Doc. 80.

## DISCUSSION

Defendant asks the Court to strike the following testimony, which appears in similar form in each of the Declarations: "other Lease Operators employed by Mewbourne also worked long hours and frequently work more than forty hours per week," Docs. 62-1 ¶ 6, 62-2 ¶ 7, 62-3 ¶ 7, 62-4 ¶ 7, 62-5 ¶ 8, 62-6 ¶ 10, 62-7 ¶ 7, 62-8 ¶ 6; "other Lease Operators were . . . paid the same way" as the Declarant, Docs. 62-1 ¶ 5, 62-2 ¶ 6, 62-3 ¶ 6, 62-4 ¶ 6, 62-5 ¶ 7, 62-6 ¶ 5, 62-7 ¶ 6, 62-8 ¶ 5; and "Mewbourne knew that its Lease Operators were working significant amounts of overtime," Docs. 62-1 ¶ 7, 62-3 ¶ 8, 62-4 ¶ 8, 62-6 ¶ 11, 62-7 ¶ 8. In addition, Defendant asks the Court to strike from the Fletcher Declaration the testimony that Fletcher "believe[s] there are many current and former Lease Operators . . . who would join a collective action to try to recover their unpaid off-the-clock overtime compensation from Mewbourne," Doc. 62-1 ¶ 10, and to strike from the Thompson Declaration the testimony that Thompson's "supervisor, Matt Gandy . . . acknowledged that [his] route required a twelve-hour day, at minimum." Doc. 62-3 ¶ 8. According to Defendant, this testimony (1) is not based on personal knowledge and thus runs afoul of Rule 602 of the Federal Rules of Evidence and (2) constitutes inadmissible hearsay in violation of Rule 801 of the Federal Rules of Evidence.

Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "Although the proponent bears the burden of establishing personal knowledge under Rule 602, '[e]vidence to prove personal knowledge may consist of the witness's own testimony.'" *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014) (citing Fed. R. Evid. 602); *see also* 11 Moore's Federal Practice, § 56.94[2][b] ("Sometimes personal knowledge may be inferred from the content or context of the affidavit."). "This standard is not difficult to meet." *Gutierrez de Lopez*, 761 F.3d at 1132. Accordingly, "[a] court should exclude testimony for lack of personal knowledge 'only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to.'" *Id.* (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)). Notably, "a reasonable inference can be drawn" that a declarant has personal knowledge regarding policies and practices of an employer by virtue of his or her position as an employee. *Tulsa Zoo Mgm't, Inc. v. Peckham Guyton Albers & Viets, Inc.,* No. 17-cv-644, 2019 WL 1029544, at *8 (N.D. Okla. Mar. 4, 2019) ("Personal knowledge may be inferred from [Correll's] position[.]"); *Pipkin v. Mortg. Creditcorp, Inc.*, 72 F.3d 138, 1995 WL 747437, at *4 n.5 (10th Cir. 1995) (holding that employees' positions were sufficient to meet personal knowledge requirement).

Thus, if a reasonable inference can be drawn from a declaration itself that the declarant "has personal knowledge of a fact, the [declarant] may testify about that fact." *Gutierrez de Lopez*, 761 F.3d at 1133. "If, however, the [declarant] merely has personal knowledge of an out-of-court statement offered to prove the fact asserted in that statement – but not the underlying fact – then his or her testimony must comply with the hearsay rule. *Id.* (citing Fed.

3

R. Evid. 602 advisory committee's notes (1972) (observing that Rule 602 "does not govern the situation of a witness who testifies to a hearsay statement as such, if he has personal knowledge of the making of the statement" because the rule governing hearsay "would be applicable")). Under Rule 801, hearsay – an out-of-court statement offered "to prove the truth of the matter asserted," Fed. R. Evid. 801(c)(2) – is inadmissible unless it falls into a recognized exception. Fed. R. Evid. 802.

Defendant first moves to strike each Declarant's testimony that other Lease Operators employed by Mewbourne worked long hours and frequently work more than forty hours per week, just as did the Declarant. Each Declarant indicates that he "worked alongside the other Lease Operators and was able to observe them at work," and knows about their work hours "based on [his] conversations with and observations of other Lease Operators." *See, e.g.,* Doc. 62-1 ¶¶ 4, 6. The Declarants thus sufficiently establish through their testimony that they have personal knowledge of the hours worked by their fellow employees.

If this testimony were based solely on "conversations" with fellow employees (or in other words, out-of-court statements made by their colleagues), that testimony would constitute hearsay. The Court need not address whether this hearsay is admissible, however, because the Declarants also base their testimony on their observations of their colleagues. These personal observations provide a valid basis for personal knowledge and do not implicate any hearsay issues. Accordingly, each Declarant's testimony that other Lease Operators employed by Mewbourne worked long hours and frequently work more than forty hours per week, just as did the Declarant, is admissible.

Next, Defendant moves to strike each Declarant's testimony that Mewbourne's other Lease Operators were classified as "exempt" and "paid the same way" as was the Declarant.

Each Declarant indicates that he knows this to be true "based on [his] conversations with other Lease Operators." *See, e.g.*, Doc. 62-1 ¶ 5.  Accordingly, the only basis provided for the Declarant's knowledge of how his colleagues were paid is conversations with, or out-of-court statements by, those colleagues.  As these statements are recounted "to prove the truth of the matter asserted," namely, that the other Lease Operators were paid as exempt employees, they are admissible only if they fit into a recognized exception to the hearsay rules.

Plaintiff argues that these statements are not hearsay because they are admissions of a party-opponent.  Doc. 80 at 5.  Rule 801(d)(2) of the Federal Rules of Evidence provides that a statement offered against a party-opponent is not hearsay if it was made by an employee of the party-opponent on a matter within the scope of the employment relationship, while that relationship existed.  Fed. R. Evid. 801(d)(2).  It "would be error" to consider statements by fellow Lease Operators as admissions of a party-opponent, however, as "[u]nder [the Tenth Circuit's] controlling precedent, an employee's statements are not attributable to [his or] her employer as a party-opponent admission in an employment dispute unless the employee was 'involved in the decisionmaking process affecting the employment action' at issue." *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1202 (10th Cir. 2015) (quoting *Johnson v. Weld Cty.*, 594 F.3d 1202, 1208-09 (10th Cir. 2010)).

Here, Plaintiff does not argue, nor would it be convincing if he did, that other Lease Operators were involved in the decision-making process affecting Mewbourne's classification of its Lease Operators as exempt.  Instead, the Lease Operators are allegedly the employees on the receiving end of that decision-making process.  Accordingly, fellow Lease Operators' statements are not admissible as statements of a party-opponent, and thus are hearsay.  Because these statements are the only basis for each Declarant's personal knowledge of how his

5

colleagues were paid, each Declarant's testimony that Mewbourne's other Lease Operators were classified as "exempt" and "paid the same way" as was the Declarant is not admissible.

Further, Defendant moves to strike each Declarant's testimony that Mewbourne knew that its Lease Operators were working significant amounts of overtime.  Each Declarant testifies that he knows this to be true because "Mewbourne scheduled [their] work hours and [their] supervisors knew how many hours [they] were working per week."  *See, e.g.*, Doc. 62-1 ¶ 7. Further, Thompson testifies that he, himself, "informed [his] supervisors about the amount of time it was taking [him] to complete the assigned routes," and that, "on one occasion, [his] supervisor, Matt Gandy, rode along with [him] on [his] route."  Doc. 62-3 ¶ 8.  Similarly, Stark testifies that he "was communicating with [his] supervisors regularly, including late into the night after [he] finished [his] route," and also entered "well data" into a computer program, which "typically took two hours per day . . . after [he] finished [his] route."  Doc. 62-4 ¶ 8. Fraley testifies similarly, and also adds that he "complained to [his] supervisor about working long hours without being paid any overtime."  Doc. 62-7 ¶ 8.  Levario testifies that he worked as a Lead Pumper and based on that experience, he knows that Lead Pumpers knew Lease Operators "were working more than forty hours per week," and "had access to whatever Lease Operators entered into the [computer] system and would tell when Lease Operators entered it." Doc. 62-4 ¶ 11.

All of this testimony establishes that the Declarants had personal knowledge that Mewbourne knew that its Lease Operators were working significant amounts of overtime.  As employees, the Lease Operators were privy to how things worked, including who scheduled their hours, how those hours were scheduled, and how their computer entries were reviewed.  As noted above, a reasonable inference can be drawn that a declarant has personal knowledge

regarding policies and practices of an employer by virtue of his or her position as an employee. Further, the Declarants certainly have personal knowledge of their own communications to and time spent with supervisors. Thus, a reasonable inference can be drawn from the Declarations themselves that each Declarant has personal knowledge that its employer knew what kind of hours they were working. Further, none of the Declarants rely on out-of-court statements as the basis for this knowledge. Accordingly, the Declarants' testimony that Mewbourne knew they were working overtime is admissible.

Defendant also moves to strike from the Fletcher Declaration the testimony that Fletcher "believe[s] there are many current and former Lease Operators . . . who would join a collective action to try to recover their unpaid off-the-clock overtime compensation from Mewbourne." Doc. 62-1 ¶ 10. Fletcher testifies that he formed this belief "[i]n getting to know other Lease Operators at Mewbourne." *Id.* The Court agrees that this testimony is too vague a basis from which to infer personal knowledge, and also raises the specter of a hearsay violation. Accordingly, Fletcher's statement about his belief as to others who would join a collective action is not admissible.

Finally, Defendant moves to strike from the Thompson Declaration the testimony that Thompson's "supervisor, Matt Gandy . . . acknowledged that [his] route required a twelve-hour day, at minimum." Doc. 62-3 ¶ 8. Defendant argues that this is hearsay; Plaintiff argues that it is an admission of a party-opponent. It appears undisputed that Gandy was Thompson's supervisor, and that his alleged statement was made during the existence of Thompson's employment with Mewbourne. "A supervisor is generally expected to relay messages from the company or a general manager to an employee." *Yontz v. AMF Sci. Drilling Int'l Inc.,* 962 F.2d 18, 1992 WL 98000, at *4 (10th Cir. 1992). Thus, under Rule 801(d)(2)(D), Gandy's

statement to Thompson was not hearsay.  *Id.*; *see also Bloomer v. UPS, Inc.,* No. 06-cv-850, 2007 WL 2729365, at *2 (W.D. Okla. Sept. 19, 2007) ("As to the statement of the supervisor recounted in the chronology, the court concludes, on the basis of the evidence before it, that the statement is not hearsay within the meaning of Fed. R. Evid. 801(d)(2)(D)").   Thompson's testimony that his supervisor acknowledged that his route required, at a minimum, a twelve-hour day is admissible as an admission of a party-opponent.

## CONCLUSION

For the foregoing reasons, all of the testimony at issue is admissible, save each Declarant's testimony that Mewbourne's other Lease Operators were classified as exempt and paid the same way as was the Declarant and Fletcher's testimony that he believes there are many current and former Lease Operators who would join a collective action to try to recover their unpaid off-the-clock overtime compensation from Mewbourne.

**IT IS THEREFORE ORDERED** that Defendants' Amended Motion to Strike Portions of Declarations Submitted by Plaintiff in Motion for Class Certification for Liability Only Under Rule 23(b)(3) [Doc. 77] is **GRANTED in part**, as follows: each Declarant's testimony that Mewbourne's other Lease Operators were classified as "exempt" and "paid the same way" as was the Declarant, and Fletcher's testimony that he "believe[s] there are many current and former Lease Operators . . . who would join a collective action to try to recover their unpaid off-the-clock overtime compensation from Mewbourne" are stricken from the record.

DATED this 29th day of May, 2020.

_____
MARTHA VAZQUEZ
United States District Judge